UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARA SNIDE; JONATHEN SNIDE; and BRITTANY HAMMITT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAB EXPRESS. INC. and any related entities,<br><br>Defendant. | Civil Action No.: 3:22-CV-1373 (GLS/ML)<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Sara Snide, Jonathen Snide and Britany Hammitt ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to New York Labor Law §§ 650 *et seq.*, 652 *et seq.* 663, and 195(1) and (3); 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.2 and 142-2.4 to recover unpaid minimum wages, unpaid overtime compensation, unpaid spread of hours and violations of New York's wage notice and pay statement requirements; and related damages owed to the Named Plaintiffs and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by JAB Express, Inc. (hereinafter "JAB" or "Defendant") in trades and occupations entitled to receive overtime compensation.

2. Upon information and belief, at a time between approximately December 2016 and the present, Defendant JAB owned and /or operated a package delivery service company known as JAB Express, Inc. with business locations in Watertown, New

York; Conklin, New York; Binghamton, New York; East Syracuse, New York; and 2300 Heritage Greens Drive, Naples, FL 34119.

3. Upon information and belief, beginning in approximately December 2016 and continuing through the present, Defendant has engaged in a policy and practice of unlawfully and willingly failing to pay its employees, particularly the Named Plaintiffs and those similarly situated, for all hours worked and overtime wages when required in violation of NYLL §650 and 652, *et seq.*, and NYCRR §142-2.2. Plaintiffs bring this action pursuant to NYLL § 663.

4. Upon information and belief, beginning in approximately December 2016 and continuing through the present, Defendant has engaged in a policy and practice of unlawfully and willingly failing to pay its employees, particularly the Named Plaintiffs and similarly situated employees, the required spread of hours pay pursuant to NYCRR 142-2.4.

5. Upon information and belief, beginning in approximately December 2016 and continuing through the present, Defendant has engaged in a policy and practice of unlawfully and willingly failing to provide its employees, particularly the Named Plaintiffs and similarly situated employees, with the required wage notices and pay statements pursuant to NYLL 195(1) and (3).

6. Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation for unpaid wages for all hours worked, unpaid minimum wages, unpaid overtime, unpaid spread of hours, as well as for wage notice and pay statements violations, plus interest, attorneys' fees, liquidated

damages, and costs.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005 with the amount in controversy exceeding five million dollars.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant and Plaintiffs are subject to personal jurisdiction in this district.

## PARTIES

9. Named Plaintiffs Sara and Jonathen Snide are individuals who reside in Grovetown, Georgia and who worked for Defendant as Delivery Drivers in Watertown, New York, between approximately June 2020 and July 2020.

10. Named Plaintiff Brittany Hammitt is a resident of Endicott, New York who worked for Defendant as a Delivery Driver in Conklin, New York, between approximately April 2019 and May 2021.

11. Upon information and belief, Defendant is a domestic corporation organized and existing under the laws of the State of New York with a principal business location in Naples, Florida and several business locations in New York, including Watertown, Conklin, Binghamton and East Syracuse, New York.

## CLASS ALLEGATIONS

12. This action is properly maintainable as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

13. This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who performed work for Defendant as package delivery drivers at Defendant's locations in Watertown, NY; Conklin, NY; Binghamton, NY; East Syracuse, NY, and other New York locations, at times between December 2016 and the present.

14. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be hundreds of employees. In addition, the names of all potential members of the putative class are not known.

15. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

    (i) Whether Defendant misclassified Named plaintiffs and those similarly situated as exempt from overtime;

    (ii) Whether Defendant failed to pay Named Plaintiffs and those similarly situated for all hours worked and overtime wages when required pursuant to NYLL § 650 and 652 and NYCRR §142-2.2;

    (iii) Whether Defendant owed and failed to pay the required spread of hours required by NYCRR 142-2.4; and

    (iv) Whether Defendant failed to issue wage notices and pay statements as required by NYLL §195(1) and (3).

16. The claims of Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class were all subject to Defendant's policies and willful practices set forth herein above.

17. Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

18. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

20. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTS

21. Upon information and belief, beginning in or about December 2016, Defendant was engaged in the package delivery business exclusively for, or in part for, Federal Express, Inc. In the furtherance of their package delivery business, Defendant employed numerous individuals, including Named Plaintiffs and putative class members, as delivery truck drivers.

22. Upon information and belief, beginning in or about December 2016 and continuing through the present, Defendant's delivery driver employees, including the Named Plaintiffs and putative class members, began their workday for Defendant between 6:00 a.m. and 7:00 a.m. and ended their workday between 8:00 p.m. and 9:00 p.m., Monday through Friday.

23. Upon information and belief, beginning in or about January 2015 and continuing through the present, Defendant's delivery driver employees, including the Named Plaintiffs and putative class members, on average worked approximately 55-70 hours per week.

24. Named Plaintiffs and putative class members were paid a daily flat rate of pay regardless

of how many hours they worked that day.

25. Named Plaintiff and putative class members were not compensated at an overtime rate of pay for hours worked in excess of 40 in a work week.

26. Named Plaintiffs and putative class members were not paid the spread of hours extra hour of pay at the minimum wage on days that they worked 10 or more hours.

27. Named Plaintiffs and putative class members were not provided with wage notices or pay statements required by NYLL §195(1) and (3).

28. Upon information and belief, Defendant is an employer within the meaning of the NYLL because it: (i) had the power to hire and fire employees such as the Named Plaintiffs and putative class members; (ii) supervised and controlled employee work schedules or conditions of employment of the Named Plaintiffs and Putative Class members; (iii) determined the rate and method of payment for the Named Plaintiffs and Putative Class Members; and, (iv) maintained employment records for the Named Plaintiffs and Putative Class Members.

29. Upon information and belief, Defendant disregarded and evaded recordkeeping requirements of applicable New York State law, including New York Labor Law § 195(4) and 12 NYCRR § 142-2.6, by failing to maintain proper and complete records of hours worked and rates of pay, as well as other employee records.

## FIRST CAUSE OF ACTION
## NEW YORK FAILURE TO PAY MINIMUM WAGES

30. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

31. New York Labor Law ("NYLL") § 652(1) and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked. Defendants are

employers within the meaning of the NYLL and Plaintiffs are employees within the meaning of the NYLL.

32. As a result of Defendant's failure to pay Named Plaintiffs and those similarly situated for all time worked, Defendant failed to pay Named Plaintiff, and similarly situated employees, wages owed for all hours worked including the minimum hourly rate required by the NYLL.

33. The failure of Defendant to pay Named Plaintiffs and those similarly situated their rightfully owed wages and overtime compensation was willful.

34. By the foregoing reasons, Defendant is liable to Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
## NEW YORK FAILURE TO PAY OVERTIME WAGE COMPENSATION

35. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

36. Title 12 NYCRR § 142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

37. Under the New York Labor Law, for employees who are exempt from the Fair Labor Standards Act overtime compensation requirements under the Motor Carrier Exemption, although employers are not required to pay overtime compensation at a rate of one and one-half times the employees' rate of pay, they must pay overtime compensation at a rate of one and one-half times the minimum wage.

38. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a

civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

39. Time spent traveling during normal business hours is compensable time.

40. Upon information and belief, Named Plaintiff and those similarly situated regularly worked more than forty (40) hours a week while working for Defendants.

41. Upon information and belief, Named Plaintiff and those similarly situated did not receive compensation for all hours worked and did not receive overtime compensation at one and one-half times the minimum wage for hours in excess of 40 in any given week.

42. Consequently, by failing to pay to Named Plaintiff and those similarly situated for all hours worked and overtime compensation, Defendants violated 12 NYCRR § 142-2.2 and are entitled to damages pursuant to New York Labor Law § 663.

43. Upon information and belief, Defendants' failure to pay overtime compensation to Named Plaintiff and those similarly situated potential plaintiffs was willful.

44. Named Plaintiffs and those similarly situated are not exempt from overtime pay under the Fair Labor Standards Act or New York Labor Law pursuant to *Hayward v. IBI Armored Services, Inc.,* 954 F.3d 573, (2nd Cir. 2020)

45. By the foregoing reasons, Defendant has violated New York Labor Law §§ 650, 652 and 12 NYCRR § 142-2.2, and are liable to Plaintiffs in an amount to be determined at trial, plus interest, damages, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION
## NEW YORK FAILURE TO PAY WAGES

46. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

47. Pursuant to Article Six of the NYLL, workers, such as Named Plaintiffs and putative class members, are protected from wage underpayments and improper employment practices.

48. Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

49. As persons employed for hire by Defendants, Named Plaintiffs and those similarly situated are "employees," as understood in Labor Law § 190.

47. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

48. As an entity that hired Named Plaintiffs and those similarly situated, Defendant is an "employer."

49. Named Plaintiffs and those similarly situated wage rates were within the meaning of NYLL §§ 190, 191.

50. Pursuant to NYLL § 191 and cases interpreting same, workers, such as Named Plaintiffs and putative class members, are entitled to be paid all their weekly wages "not later than seven days after the end of the week in which the wages are earned."

51. Defendants failed to pay Named Plaintiffs and members of the putative class their hourly wage for all hours worked.

52. Unpaid time work includes, but is not limited to, time spent traveling between jobs and at morning meetings.

53. In failing to pay Named Plaintiff and putative class members proper wages for all hours worked, and time and one-half for hours worked after forty hours in a week, Defendant violated New York Labor Law.

54. Upon information and belief, Defendant's failure to pay Named Plaintiff and those similarly situated full wages every week was willful.

55. By the foregoing reasons, Defendant has violated NYLL and is liable to Named Plaintiff and those similarly situated in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## NEW YORK FAILURE TO PROVIDE WAGE NOTICES AND PAY STATEMENTS

56. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

57. Defendant has willfully failed to provide Named Plaintiffs and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if

different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

58. Defendant has willfully failed to provide Named Plaintiffs and those similarly situated with pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

59. Plaintiffs did not receive all required wage notices and pay statements during their employment with Defendant.

60. Through their knowing or intentional failure to provide Plaintiffs with the wage notices and pay statements required by the NYLL, Defendant have willfully violated NYLL §§ 191(1) and (3) and the supporting New York State Department of Labor Regulations.

61. According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every day they did not receive a wage notice up to a total of $5000, together with costs and reasonable attorney's fees.

62. According to NYLL § 198-1(b), Plaintiffs are entitled to $250 for every day they did not receive a pay statement up to a total of $5000, together with costs and reasonable attorney's fees.

63. By the foregoing reasons, Defendant violated NYLL §§ 195(1) and (3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## NEW YORK FAILURE TO PAY SPREAD OF HOURS

64. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

65. Named Plaintiffs and those similarly situated regularly worked more than 10 hours a day.

66. Named Plaintiffs and those similarly situated were paid a flat daily rate of pay regardless of how many hours they worked.

67. Named Plaintiffs and those similarly situated were often paid below the minimum wage based on their daily rate of pay and the number of hours they worked in a week.

68. Named Plaintiffs and those similarly situated were required to be paid an extra hour of pay at the New York minimum wage on any day they worked 10 hours or more and earned only the applicable minimum wage or less per hour for the week pursuant to NYCRR § 142-2.4.

69. By the foregoing reasons, Defendant violated NYCRR § 142-2.4 and are liable to the Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE,** Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendant, demand judgment:

(1) On the First Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited laws and regulations of the State of New York;

(2)  On the Second Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorney's fees, and costs pursuant to the laws and regulations of the State of New York;

(3)  On the Third Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorney's fees, and costs pursuant to the laws and regulations of the State of New York;

(4)  On the Fourth Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorney's fees, and costs pursuant to the laws and regulations of the State of New York; and,

(5)  On the Fifth Cause of Action against Defendant, in an amount to be determined at trial, plus interest, attorney's fees, and costs pursuant to the laws and regulations of the State of New York; and,

(6)  Together with such other and further relief the Court may deem appropriate.

Dated: December 20, 2022

*/s/ Frank S. Gattuso*
Frank S. Gattuso
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
(315) 314-8000
fgattuso@gclawoffice.com

-and-

*/s/ James Emmet Murphy*
James Emmet Murphy, Esq.
Michele A. Moreno, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel:   (212) 943-9080

Fax:   (212) 943-9082
jmurphy@vandallp.com

*Attorneys for the Plaintiff and Putative Class*